UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., a Delaware Corporation; and PRL USA HOLDINGS, INC., a Delaware Corporation,<br><br>                              Plaintiffs<br><br>v.<br><br>FUJIAN SHARING IMPORT & EXPORT LTD. CO., d/b/a B2BSHARING.COM; DONGPING LIU a/k/a DONG PING LIU; YUAN CHEN; ANDY HUANG; MIN CHEN; CAI XIAN SHENG; MICHAEL LIN; LI MING WANG; FANG CHENG; LIN WEIXIAN; ZHOU CHANG; LAIKE ALHASSAN; PP JINBO; JERRY URBEN; HUNAG YANXIA; WANG ZHAO HUI; JOHN DOES 1-100; JANE DOES 1-100; and XYZ COMPANIES 1-100,<br><br>                              Defendants. | **ORIGINAL**<br>**10 CIV 1630**<br>**Judge Hellerstein**<br><br>CIVIL ACTION NO. _____<br><br>[~~PROPOSED~~] EXPEDITED DISCOVERY ORDER<br><br>[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116]<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3/16/10 |

Plaintiffs THE NORTH FACE APPAREL CORP. and PRL USA HOLDINGS, INC. (collectively, "Plaintiffs") having moved *ex parte* against Defendants Fujian Sharing Import & Export Ltd. Co., d/b/a B2Bsharing.com; Dongping Liu a/k/a Dong Ping Liu; Yuan Chen; Andy Huang; Min Chen; Cai Xian Sheng; Michael Lin; Li Ming Wang; Fang Cheng; Lin Weixian; Zhou Chang; Laike Alhassan; Pp Jinbo; Jerry Urben; Hunag Yanxia; Wang Zhao Hui; John Does 1-100; Jane Does 1-100; and XYZ Companies 1-100 (collectively, "Defendants") for an Expedited Discovery Order separately from Plaintiffs' *ex parte* motion for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, and Order to Show Cause for Preliminary Injunction ("Temporary Restraining Order") pursuant to Federal Rules of Civil Procedure 26, 34 and 65 and the Trademark Act of 1946, 15 U.S.C. §§

1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act") for the reason that Defendants have made great efforts to conceal their identities and the locations of their operations in which they are manufacturing, distributing, offering for sale and/or selling, through various Internet websites, goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks ( "Plaintiffs' Marks"), and the Court having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted herewith, finds:

1.   Plaintiffs are likely to succeed in showing that Defendants are part of an on-line counterfeiting ring, using thousands of websites to offer for sale and/or sell merchandise -- including but not limited to apparel, backpacks and shoes bearing counterfeits of Plaintiffs' Marks ("Counterfeit Products"), as well as counterfeits of other trademarked goods -- to consumers in the United States, which merchandise is manufactured in China and drop-shipped directly to consumers in the United States;

2.   Defendants have gone to great lengths to conceal their true identities and would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, and business records relating thereto inaccessible to the Court if Plaintiffs were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

3.   Defendants have gone to great lengths to conceal and/or move outside of this Court's reach, their profits from the sale of Counterfeit Products, including using multiple Western Union accounts to evade money laundering limits and/or to appear to be separate

unrelated accounts, using merchant accounts located in China, which mask the true identity of the entity/person receiving monies and using multiple PayPal accounts and/or moving assets through multiple seemingly unrelated accounts within PayPal;

4. Plaintiffs have demonstrated that Defendants are operating a large, fluid network of websites offering for sale and selling Counterfeit Products ("Defendant's Websites"), using various domain names, including domain names containing Plaintiffs' Marks ("Infringing Domain Names"); and

5. Without such Expedited Discovery Order, the Temporary Restraining Order would be of limited value, as Plaintiffs are currently unable to indentify the true identities and locations of Defendants and their operations and/or the financial accounts holding the proceeds from their sale of Counterfeit Products; and

6. Plaintiffs' harm from denial of the requested *ex parte* Expedited Discovery Order would outweigh any harm to Defendants' legitimate interests from granting such an order;

THEREFORE, IT IS HEREBY ORDERED that discovery herein may begin immediately by Plaintiffs, ~~and at Plaintiffs' option, prior to their execution of the Temporary Restraining Order~~, by providing actual notice, pursuant to subpoena or otherwise, of this Expedited Discovery Order to any of the following: (a) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations or other financial institutions, including without limitation, PayPal, Western Union, IPS, ECPSS, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), acquiring banks which receive payments on behalf of third party providers; and (3) any third party service provides, including without limitation Internet service providers, back-end service providers,

web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries; and it is

FURTHER ORDERED that such persons or entities referenced above, upon such notice from Plaintiffs, shall within two (2) days after receipt of such notice, provide copies of all documents and records in such person or entity' possession or control relating to:

(a). The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Websites, Infringing Domain Names and financial accounts;

(b). Defendants' Websites;

(c). The Infringing Domain Names or any domain name registered by Defendants; and

(d). Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations or other financial institutions, including without limitation, PayPal, Western Union, IPS, ECPSS, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), acquiring banks which receive payments on behalf of third party providers.

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth in the Temporary Restraining Order but that Plaintiffs be permitted to provide such Expedited Discovery Order, Temporary Restraining Order and other documents in this action to any person or entity from which Plaintiffs seek the discovery

referenced herein and that any such person or entity in receipt of such request shall keep such request and this action confidential from Defendants, or any of them.

DATE: March 2, 2010
3:05 pm.

3-10-7

SO ORDERED:

_____
United States District Court Judge