atty picked up

HELLERSTEIN

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Hellerstein

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., a Delaware Corporation; and PRL USA HOLDINGS, INC., a Delaware Corporation,<br><br>Plaintiffs<br><br>v.<br><br>FUJIAN SHARING IMPORT & EXPORT LTD. CO., d/b/a B2BSHARING.COM; DONGPING LIU a/k/a DONG PING LIU; YUAN CHEN; ANDY HUANG; MIN CHEN; CAI XIAN SHENG; MICHAEL LIN; LI MING WANG; FANG CHENG; LIN WEIXIAN; ZHOU CHANG; LAIKE ALHASSAN; PP JINBO; JERRY URBEN; HUNAG YANXIA; WANG ZHAO HUI; JOHN DOES 1-100; JANE DOES 1-100; and XYZ COMPANIES 1-100,<br><br>Defendants. | CIVIL ACTION NO. 10 CIV 1630<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION<br><br>[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116]<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #<br>DATE FILED: 3/16/10 |

Plaintiffs THE NORTH FACE APPAREL CORP. and PRL USA HOLDINGS, INC. (collectively, "Plaintiffs") having moved *ex parte* against Defendants Fujian Sharing Import & Export Ltd. Co., d/b/a B2Bsharing.com; Dongping Liu a/k/a Dong Ping Liu; Yuan Chen; Andy Huang; Min Chen; Cai Xian Sheng; Michael Lin; Li Ming Wang; Fang Cheng; Lin Weixian; Zhou Chang; Laike Alhassan; Pp Jinbo; Jerry Urben; Hunag Yanxia; Wang Zhao Hui; John Does 1-100; Jane Does 1-100; and XYZ Companies 1-100 (collectively, "Defendants") for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-

Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are manufacturing, distributing, offering for sale and/or selling, through various Internet websites operated by Defendants, goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, as listed in Plaintiffs' Complaint filed concurrently herewith and incorporated herein by reference, which trademarks (collectively, "Plaintiffs' Marks") are owned and controlled by Plaintiffs and used in connection with products listed in Plaintiffs' Complaint and incorporated herein by reference (collectively, "Plaintiffs' Products"), and the Court having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted herewith, finds:

1. Plaintiffs are likely to succeed in showing that Defendants are part of an on-line counterfeiting ring, using thousands of websites to offer for sale and/or sell merchandise -- including but not limited to apparel, backpacks, gloves and shoes bearing counterfeits of Plaintiffs' Marks ("Counterfeit Products"), as well as counterfeits of other trademarked goods -- to consumers in the United States, which merchandise is manufactured in China and drop-shipped directly to consumers in the United States;

2. The manufacturing, distributing, offering for sale and/or selling of Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted including seizure of Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, and the records pertaining thereto is not ordered;

3. Defendants have gone to great lengths to conceal their true identities and would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of

selling and distributing Counterfeit Products, and business records relating thereto inaccessible to the Court if Plaintiffs were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

4. Defendants have gone to great lengths to conceal and/or move outside of this Court's reach, their profits from the sale of Counterfeit Products, including using multiple Western Union accounts to evade money laundering limits and/or to appear to be separate unrelated accounts, using merchant accounts located in China, which mask the true identity of the entity/person receiving monies and using multiple Paypal accounts and/or moving assets through multiple seemingly unrelated accounts within Paypal;

4. Plaintiffs' harm from denial of the requested *ex parte* seizure order would outweigh any harm to Defendants' legitimate interests from granting such an order;

5. Plaintiffs have represented that they have not publicized the requested seizure order;

6. Plaintiffs have provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

7. Plaintiffs have demonstrated that Defendants are operating a large, fluid network of websites, as set forth in **Exhibit A** to the Complaint ("Defendants' Websites"), offering for sale and selling Counterfeit Products, using various domain names, including, without limitation, the following domain names containing Plaintiffs' Marks:

> 4TheNorthFace.Com, 91Polo.Com, AddNorthFace.Com, AuthenticPolo.Com, CheerPolo.Com, ClothesPolo.Com, ILoveTheNorthFace.Com, NicePoloStore.Com, NorthFace.Cc, NorthFaceComing.Com, NorthFaceMountain.Com, NorthFaceOutdoor.Com, NorthFaceOutletsale.Com, North-Face-Sale.Com, NorthFaceSaleOutlet.Com, NorthFaceSalesOutlet.Com, NorthFaceSaleStore.Com, NorthFacesOutlet.Com, NorthFaceSupply.Com, OfficePolo.Com, OfficialNorthFace.Com, OfficialPolos.Org, OnlineNorthFace.Com, OutdoorNorthFace.Com, OutletNorthFace.Com, Polo4All.Com, Polo4Sale.Com, PoloCart.Com, PoloNSale.Com, Polo-Ralph.Com, PoloRalphWorld.Com, PoloShirtCompany.Com, Polo-Shirts.Us,

3

PoloShirtsSale.Com, PoloShirtsShop.Com, PolosHome.Com, PoloStore.Us, PoloTShirtsHan.Com, SaleNorthFaces.Com, SellPoloShirts.Com, TheNorthFaceComing.Com, TheNorthFaceMoving.Com, TheNorthFaceSaleOnline.Com, TheNorthFaceSaleShop.Co.Uk, TheNorthFaceSaleShop.Com, TheNorthFaceSalesOnline.Com, TheNorthFaceSaleStore.Com, TheNorthFaceShow.Com, TheNorthFaceSupplier.Com, TheNorthFaceTrade.Com, TheNorthFaceUKStore.Com, TNFShopping.Com, and ToNorthFace.Com

and other domain names containing Plaintiffs' Marks which Plaintiffs have yet to discover (collectively, the "Infringing Domain Names"); and

8. Entry of an order other than an *ex parte* temporary restraining order, seizure order domain name transfer order and asset restraint would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' equitable remedies for trademark counterfeiting, including: *inter alia,* the restraint of Defendants' Websites, the seizure of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Counterfeit Products, and an award to Plaintiffs of lost profits.

THEREFORE, IT IS HEREBY ORDERED that Defendants Fujian Sharing Import & Export Ltd. Co., d/b/a B2BSharing.com; Dongping Liu a/k/a Dong Ping Liu; Yuan Chen; Andy Huang; Min Chen; Cai Xian Sheng; Michael Lin; Li Ming Wang; Fang Cheng; Lin Weixian; Zhou Chang; Laike Alhassan; Pp Jinbo; Jerry Urben; Hunag Yanxia; Wang Zhao Hui; John Does 1-100; Jane Does 1-100; and XYZ Companies 1-100 show cause on or before the ____ day of March 2010 at ____ a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom ____, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, why an order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction as follows:

4

(a) Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

   (i) using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine merchandise bearing Plaintiffs' Marks; and

   (ii) passing off, inducing or enabling others to sell or pass off any apparel, backpacks, gloves, shoes or other items which are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise; and

   (iii) committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiffs' genuine merchandise unless they are such; and

   (iv) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items falsely bearing Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

   (v) utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of Plaintiffs' Marks; and

   (vi) operating Defendants' Websites.

(b) Impounding, during the pendency of this action, all Counterfeit Products, including apparel, backpacks, footwear and gloves in the current custody or control of Defendants and other materials and merchandise seized pursuant to the provisions of this Order.

(c) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

(d) Ordering transfer of the Infringing Domain Names, whether by the domain name registry, namely Verisign, Inc. or Neustar, Inc., or by the individual registrars, which hold one or more of the Infringing Domain Names, to a registrar of Plaintiffs' selection to hold ~~and hold~~ the Infringing Domain Names until further order from this Court. [handwritten: "use or permitting use of"] [handwritten margin notes: "AKH", "w/out", "AKH"]

IT APPEARING to the Court that Defendants are manufacturing, distributing, offering for sale and/or selling Counterfeit Products, including by operation of Defendants' Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations, or having knowledge of this Order by service, actual notice or otherwise be, and they are, hereby temporarily restrained from:

(a) committing any of the acts set forth in subparagraphs (a)(i)-(vi) above;

(b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents relating to the Counterfeit Products, Defendants' Websites, and/or Defendants' assets and operations; and

(c) removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Websites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks; and it is further

ORDERED, that any third party providing services in connection with any Defendant and/or Defendants' Websites, including without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall, upon receiving notice of this Order, deliver to Plaintiffs or their representatives copies of documents and records relating to Defendants, Defendants' Websites, Defendants'

assets and Defendants' business operations, including but not limited to records and data contained in electronic format, such delivery to be made in their native format; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of five thousand dollars $250,000 ~~$5,000~~ as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Plaintiffs may complete service of process on Defendants by electronic mail at the following email addresses, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4: shenyingying@b2bsharing.com, syysinger1026@yahoo.com, sales@northfacecoming.com, sales@tnfshopping.com, sales@outdoornorthface.com, sales@northfacesaleoutlet.com, a.g.onlinestore@gmail.com, sales@thenorthfacetrade.com, sales@uggcardy.org, usuksale@kicksboots.com, sales@cheapgoodssale.com, vinshine@kickboots.com, runtimberland@inthego.com, a7869599@163.com, thenorthfacesaleshop@inthego.com, mallabraod@pureboots.com, sales@northfaceoutdoor.com, sales@tonorthface.com, ceo@ecsdeals.com, polocart@gmail.com, poloshirtsshop@gmail.com, sales@sunglasses-sale.org, clothepolo@gmail.com, sales@polomall.us, rona610@gmail.com, yangjing29@gmail.com, tradelily8@gmail.com, myclothingshop8@gmail.com, and sales@b2bsharing.com; and it is further

ORDERED, that sufficient cause having been shown, ~~the above seizure shall take place and~~ service of this Order together with the Summons and Complaint, which may be made on Defendants by electronic mail, and that such service shall be made ~~and such seizure shall take~~

by March 9, 2010, 3 p.m., ~~place within twenty (20) business days from the date of this Order or at such time as may be extended by this Court~~; and it is further

ORDERED, that Plaintiffs' counsel file with the court within ten (10) business days after this Order is executed, an affidavit or declaration stating the date on which the Order was executed, the means of serving Defendants, whether goods and/or other materials were seized and a description thereof, whether domain names were seized and a description thereof and whether assets were seized and/or restrained a description thereof; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, including without limitation PayPal accounts, Western Union accounts, IPS accounts, ECPSS accounts, or other merchant account providers, payment providers, or third party processors or for any Defendant, any of Defendants' Websites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, ~~shall immediately locate all accounts connected to Defendants or Defendants' Websites and~~ be temporarily restrained and enjoined from transferring or disposing  of any money, stocks or other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiffs' counsel:

(1) an accounting of any of all of Defendant's assets located in the United States having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

(2) uncontradicted documentary proof accepted by Plaintiffs, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of

NY 240,019,206v5

Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the Infringing Domain Names shall be transferred to Plaintiffs pending trial; and it is further

ORDERED that the registry for each of the Infringing Domain Names, Verisign, Inc. and Neustar, Inc., transfer the Infringing Domain Names to a registrar of Plaintiffs' choice pending further order of the Court; and it is further

ORDERED that the gaining registrar for each of the Infringing Domain Names delete all existing Domain Name Server (DNS) entries and corresponding addresses, and enter such registrar's default Domain Name Server and address entries to prevent further damage caused by Defendants' use of the Infringing Domain Names; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of Greenberg Traurig, 200 Park Avenue, New York, New York, 10166, Attention: G. Roxanne Elings, Esq., before 4/00 a.m./p.m. on March 16, 2010. Any reply shall be filed and served by Plaintiffs at the hearing; and it is finally;

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of

the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

DATE: March 2, 2010 at 3:45 pm.

SO ORDERED:

_____
United States District Court Judge