

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

THE NORTH FACE APPAREL CORP., a
Delaware Corporation; and PRL USA
HOLDINGS, INC., a Delaware Corporation,
                                Plaintiffs

    v.

FUJIAN SHARING IMPORT & EXPORT
LTD. CO. d/b/a B2BSHARING.COM;
DONGPING LIU a/k/a DONG PING LIU;
YUAN CHEN; ANDY HUANG; MIN CHEN;
CAI XIAN SHENG; MICHAEL LIN; LIMING
WANG a/k/a JUNZHENG JIA; FANG
CHENG; WEIXIAN LIN; ZHOU CHANG; PP
JINBO; JERRY URBEN; HUNAG YANXIA;
WANG ZHAO HUI; CHENGYUAN ZHAO;
ZHAO HUI; ZHANG XUE PING;
QINGXIONG SU; CAI XIANGJIAO;
ZHUANG TING TING; XU DAN; INFEI YE;
ZOU JIA QI; LIU ZHAO DI; CHENG XIAO
RONG; XIE ZHAO XI; HUANG DENIG
QIANG; JIE ZHAO; LIN XIA MEI; WENG
FENG ZHU; JIA DE BAO; QIAO YAN PING;
XI QIANG; TAO ZHU; LIN JIAN PING; CAI
ZHONG YING a/k/a NANCY LIN; WANG
XUEMIN; JUNMIN JIA; LIU SU JUN;
FANMING WU; HUANG ZHI BING;
CONGLONG LIN; LIU LIN FIANG; GUO
XUE LIANG; MING FENQ GU; ZHENG YU
TANG; CHEN WEIGUI; YU JIA LONG; LU
XIAO YANG; LIU QIAO LING; CHEN JIAN
SHENG; CAO CHUN LIN; CHEN JIAN;
JIANG LONG SHENG; MA SHI LEI; JUNJIE
JIA; HUANG JIAN XIONG; CHENG XIAN
WEI; WANG ZHEN YONG; JIAN CHEN LIN;
QIU LI SHAN; XIAN TING; WANSHAN LIN;
CHEN QING CHONG; HUANG JIAN RUI;
ZHIYAN LI; RUI YANG; YOU ZONG
YANG; MI GUI YING; LU XIN LUAN;
CHEN JIANFANG; RUI ZHANG IXIE;
ZHIANG SHU; LIN YI CHUN; LI ZHAN; LU
MINGZHI; WU ZHIYONG; WANG YUN
MINGZHI; TIAN ZHENHUA; GUO ZHI BIN;

**CIVIL ACTION NO. 10-CIV-1630
(AKH)**

## DEFAULT JUDGMENT AND
## PERMANENT INJUNCTION

$\#$ _____

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/10
```

MIAO CHUN LAN; WENG YI XIN; LIANG
XIAOYANG; YIN LI YING; FAN QIANG; LI
XUE FENG; GUAN WEI JIAN; SUN CUI
RONG; XIU MINGZHI; CAI YUN JING; YE
XIN ZHUO; CHEN SHUANG YING; CHEN
YA BO; SU YUAN LIAN; GUO SUQING;
LIN JUN QIN; WANG ZHI XIANG; XIE
CHAO; FAN KEYANG; CAI YA QUAN;
WENG YUAN DONG; CHEN SHUN JIN; XU
WEIQUN; ZHU TING MING; JOHN AND
JANE DOES; AND XYZ COMPANIES

Defendants.

This action having been commenced with an *Ex Parte* Temporary Restraining Order, Seizure

Order, Asset Restraining Order, Domain Name Transfer Order, Order to Show Cause for a

Preliminary Injunction signed March 2, 2010, followed by Plaintiffs' service of the Complaint

and Summons on Defendants on March 11, 2010, Preliminary Injunction signed March 16, 2010,

the filing of the Amended Complaint and Amended Summons on May 12, 2010, the Amended

Complaint and Amended Summons having been served on the Defendants FUJIAN SHARING

IMPORT & EXPORT LTD. CO. d/b/a B2BSHARING.COM, DONGPING LIU a/k/a DONG

PING LIU, YUAN CHEN, ANDY HUANG, MIN CHEN, CAI XIAN SHENG, MICHAEL

LIN, LIMING WANG a/k/a JUNZHENG JIA, FANG CHENG, WEIXIAN LIN, ZHOU

CHANG, PP JINBO, JERRY URBEN, HUNAG YANXIA, WANG ZHAO HUI,

CHENGYUAN ZHAO, ZHAO HUI, ZHANG XUE PING, QINGXIONG SU, CAI

XIANGJIAO, ZHUANG TING TING, XU DAN, INFEI YE, ZOU JIA QI, LIU ZHAO DI,

CHENG XIAO RONG, XIE ZHAO XI, HUANG DENIG QIANG, JIE ZHAO, LIN XIA MEI,

WENG FENG ZHU, JIA DE BAO, QIAO YAN PING, XI QIANG, TAO ZHU, LIN JIAN

PING, CAI ZHONG YING a/k/a NANCY LIN, WANG XUEMIN, JUNMIN JIA, LIU SU JUN,

2

FANMING WU, HUANG ZHI BING, CONGLONG LIN, LIU LIN FIANG, GUO XUE
LIANG, MING FENQ GU, ZHENG YU TANG, CHEN WEIGUI, YU JIA LONG, LU XIAO
YANG, LIU QIAO LING, CHEN JIAN SHENG, CAO CHUN LIN, CHEN JIAN, JIANG
LONG SHENG, MA SHI LEI, JUNJIE JIA, HUANG JIAN XIONG, CHENG XIAN WEI,
WANG ZHEN YONG, JIAN CHEN LIN, QIU LI SHAN, XIAN TING, WANSHAN LIN,
CHEN QING CHONG, HUANG JIAN RUI, ZHIYAN LI, RUI YANG, YOU ZONG YANG,
MI GUI YING, LU XIN LUAN, CHEN JIANFANG, RUI ZHANG IXIE, ZHIANG SHU, LIN
YI CHUN, LI ZHAN, LU MINGZHI, WU ZHIYONG, WANG YUN MINGZHI, TIAN
ZHENHUA, GUO ZHI BIN, MIAO CHUN LAN, WENG YI XIN, LIANG XIAOYANG, YIN
LI YING, FAN QIANG, LI XUE FENG, GUAN WEI JIAN, SUN CUI RONG, XIU MINGZHI,
CAI YUN JING, YE XIN ZHUO, CHEN SHUANG YING, CHEN YA BO, SU YUAN LIAN,
GUO SUQING, LIN JUN QIN, WANG ZHI XIANG, XIE CHAO, FAN KEYANG, CAI YA
QUAN, WENG YUAN DONG, CHEN SHUN JIN, XU WEIQUN, ZHU TING MING, JOHN
and JANE DOES, and XYZ COMPANIES by electronic mail, and a proof of service having
been filed on May 18, 2010, and the Defendants having answered neither the Complaint nor the
Amended Complaint, and the time for answering the Amended Complaint having expired, and

This Court having found, upon a showing by Plaintiff, *inter alia*, the following:

1. That Plaintiffs own all right, title and interest in and to the federally registered
trademarks (collectively, "Plaintiffs' Marks") listed in Plaintiffs' Amended Complaint filed
concurrently herewith and used in connection with products listed in Plaintiffs' Amended
Complaint and incorporated herein by reference (collectively, "Plaintiffs' Products"); and

2. Defendants are part of an on-line counterfeiting ring, operating a large, fluid
network of websites, as set forth, in part, in **Exhibit A** to the Amended Complaint ("Defendants'

3

NY 240,553,347v3

Websites"), to offer for sale and/or sell merchandise -- including but not limited to apparel, backpacks, gloves and shoes bearing counterfeits of Plaintiffs' Marks ("Counterfeit Products") -- from China, to consumers in the United States, without authorization or permission, willfully deceiving consumers and causing confusion as to the origin of such goods, using no fewer than thirty-nine (39) combinations of counterfeit marks and goods and services according to the terms of 15 U.S.C. § 1117(c)(2) for the sale, offer for sale, and distribution of Counterfeit Products, entitling Plaintiffs to no more than $2,000,000 per counterfeit mark per type of goods or services sold; and

3.      That Defendants have registered and are using various domain names that are identical and/or confusingly similar to Plaintiffs' Marks, including 12polo.com, 4thenorthface.com, 91polo.com, addnorthface.com, authenticpolo.com, buytnf.com, cheerpolo.com, clothespolo.com, designerralph.com, googpolo.com, ilovethenorthface.com, laurenpolo.com, laurenpoloshirts.com, nicepolostore.com, nicepolostore.com, northface.cc, northfacecoming.com, northfacemountain.com, northfacecoming.com, northfaceoutdoor.com, northfaceoutletsale.com, north-face-sale.com, northfacesaleoutlet.com, northfacesalesoutlet.com, northfacesalestore.com, northfacesoutlet.com, northfacesupply.com, officepolo.com, officialnorthface.com, officialpolos.org, onlinenorthface.com, outdoornorthface.com, outletnorthface.com, polo4all.com, polo4sale.com, polocart.com, poloclothonline.com, poloearth.com, polohotsale.com, poloinfo.com, polomall.us, polonsale.com, polopolos.com, polo-ralph.com, poloralphsite.com, poloralphworld.com, poloshirtcompany.com, polo-shirts.us, poloshirts100.com, poloshirtsbuy.com, poloshirtssale.com, poloshirtsshop.com, poloshome.com, polostore.us, polostorebuy.com, polotops.com, polotou.com, polotrendy.com, polotshirtshan.com, ralphlauren100.com, ralphlaurendesigner.com, ralphlauren-polos.com,

4

salenorthfaces.com, sellpoloshirts.com, thenorthfacecoming.com, thenorthfacemoving.com, thenorthfacesaleonline.com, thenorthfacesaleshop.com, thenorthfacesalesonline.com, thenorthfacesalestore.com, thenorthfacesaleshop.co.uk, thenorthfaceshow.com, thenorthfacesupplier.com, thenorthfacetrade.com, thenorthface-uk.com, thenorthfaceukstore.com, tnfshopping.com, tonorthface.com, vivanpolo.com (collectively, the "Infringing Domain Names"), with a bad faith intent to profit;

4.      That Defendants have disregarded the Order and Preliminary Injunction issued by this Court and gone to great lengths to conceal and/or move outside of this Court's reach, their profits from the sale of Counterfeit Products; and so the Court

HEREBY FINDS that Defendants are liable for federal trademark counterfeiting and infringement under 15 U.S.C. § 1114 and cybersquatting under 15 U.S.C. § 1125(d)(1); and so it is

ORDERED, ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1117(c)(2), the Plaintiffs be awarded statutory damages from the Defendants in the liquidated amount of $78,000,000; and

IT IS FURTHER ORDERED that monies currently restrained in Defendants' accounts held by PayPal, Inc., be released to Plaintiffs as partial payment of the above-mentioned damages; and

IT IS FURTHER ORDERED that Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them, including but not limited to Internet Service Providers, are permanently enjoined and restrained from:

(i)      using Plaintiffs' federally registered trademarks (collectively, "Plaintiffs' Marks") or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs, or in any

5

manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine merchandise bearing Plaintiffs' Marks; and

(ii)     passing off, inducing or enabling others to sell or pass off any apparel, backpacks, gloves, shoes or other items which are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise; and

(iii)    committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiffs' genuine merchandise unless they are such; and

(iv)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items falsely bearing Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(v)     utilizing or registering any domain names that use or incorporate any of Plaintiffs' Marks; and

(vi)    operating or hosting Defendants' websites; and

(vii)   assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi);

and

IT IS FURTHER ORDERED that Infringing Domain Names be transferred to

Defendants' ownership and control; and

IT IS FURTHER ORDERED that, in order to give practical effect to this Permanent

Injunction, the registry or registrar of each of the domain names that continue to be used by

Defendants for the sale of Counterfeit Products, goodgoodshop.com, ioffcr.com, lowestbest-

export.com, ebayholder.com, vogueport.com, ecsdeals.com, niceskechers.com, officialpolos.org,

searchbikini.com, ilikeshop.com, myshopbay.com, tradeglory.com, 51bab.com,

91handbags.com, fashionholder.com, huxhbuy.com, uggcardy.org, onlinepointstore.com,

retaillas.com, timberlandsky.com, groupshoes.com, mallabraod.com, and cheapgoodssale.com,

be disabled and transferred to the ownership and control of Plaintiffs, through the registrar of

their choosing; and

IT IS FINALLY ORDERED that the bond posted by Plaintiffs is hereby released.

6

Dated: New York, New York

Sep 8, 2010

_____

The Honorable Alvin K. Hellerstein
United States District Court Judge

This document was entered on the docket on

_____.

7