UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NORTH FACE APPAREL CORP. and PRL
HOLDINGS, INC.

                Plaintiffs,

v.

FUJIAN SHARING IMPORT & ESPORT LTD. CO,
et al

                Defendants.

10-CIV-1630 (AKH)

---

## NON-PARTY PUBLIC INTEREST REGISTRY'S
## MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE

HOLLAND & KNIGHT LLP
Sean C. Sheely, Esq.
31 West 52nd Street
New York, NY  10019
Tel:  (212) 513-3200
Fax:  (212) 385-9010
sean.sheely@hklaw.com

and

Charles D. Tobin, Esq.
    (*pro hac vice to be submitted*)
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington DC 20006
Tel:  (202) 419-2539
Fax:  (202) 955-5564
charles.tobin@hklaw.com

*Attorneys for Non-Party Public Interest
Registry*

Of Counsel:
    Christine N. Walz, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

LEGAL ARGUMENT .......................................................................................................... 4

I.  PIR SHOULD NOT BE HELD IN CONTEMPT BECAUSE THE COURT
    ORDERS PLAINTIFFS SEEK TO ENFORCE ARE NOT VALID; PIR IS NOT
    ACTING IN CONCERT WITH THE DEFENDANTS. ................................................... 4

    A.  Simply being named in the Court's orders does not make PIR a "party" to the
        case under Rule 65. .............................................................................................. 5

    B.  PIR has not acted in concert with Defendants, as mere inactivity, in relation
        to a website, does not fall under Rule 65. ............................................................. 7

    C.  PIR's protection of its independent business interests and the public interest
        in a free Internet also does not constitute aiding and abetting the Defendants
        under Rule 65. ..................................................................................................... 10

    D.  Lanham Act cases do not provide an exception to Rule 65; instead, Congress
        created a separate right of action to secure a takedown order for litigants in
        the precise position as Plaintiffs. ....................................................................... 11

II. PIR SHOULD NOT BE HELD IN CONTEMPT BECAUSE THE COURT LACKS
    PERSONAL JURISDICTION OVER IT. ....................................................................... 12

    A.  PIR Is Not "Doing Business" In New York Under C.P.L.R. 301 .......................... 13

    B.  PIR Lacks Sufficient Contacts with New York to Justify the Exercise of
        Specific Jurisdiction Under C.P.L.R. § 302(a)(1). ............................................... 15

    C.  The Exercise of Personal Jurisdiction over PIR Would Violate Due Process. ...... 16

III. THE FACTS IN THIS CASE DO NOT SUPPORT FINDING PIR IN CONTEMPT. .... 18

CONCLUSION .................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*,
   923 F.Supp. 433 (S.D.N.Y. 1996) ......................................................................................17

*Berwick v. New World Network Intern., Ltd.*,
   No. 06 Civ. 2641, 2007 WL 949767, at *9 (S.D.N.Y. March 28, 2007)................................16

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ..............................................................................................15

*Blockowicz v. Williams*,
   630 F.3d 563 (7th Cir. 2010) ....................................................................................7, 8, 9, 10

*Brown v. City of Syracuse*,
   623 F.Supp.2d 272 (N.D.N.Y. 2009).....................................................................................4

*Burberry Limited (UK) et al v. Burberry-Scarves.com*,
   No. 1:10-00066 (E.D.Va. Jan. 18, 2011) ...............................................................................9

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).............................................................................................................17

*Canadian Group Underwriters Ins. Co. v. M/V Arctic Trader*,
   No. 96-9242, 1998 WL 730334 (S.D.N.Y. Oct. 19, 1998)......................................................14

*City of New York v. CycoNet*,
   383 F.Supp.2d 526 (S.D.N.Y.2005)......................................................................................17

*Cutco Indus., Inc. v. Naughton*,
   806 F.2d 361 (2d Cir. 1986).................................................................................................13

*Digisound-Wie, Inc. v. Bestar Technologies, Inc.*,
   No. 07-6535, 2008 WL 2095605 (N.D.Ill. May 16, 2008).................................................11, 13

*E.E.O.C. v. Local 638*,
   81 F.3d 1162 (2d Cir. 1996)...................................................................................................4

*F.T.C. v. Verity Intern, Ltd.*,
   140 F.Supp.2d 313 (S.D.N.Y. 2001)......................................................................................18

*Heyman v. Kline*,
   444 F.2d 65 (2d Cir. 1971)...................................................................................................10

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
   763 F.2d 55 (2d Cir. 2000)...................................................................................................14

*In re Feit & Drexler, Inc,*
    760 F.2d 406 (2d Cir. 1985)..................................................................................18

*In re Stern,*
    235 F.Supp. 680 (S.D.N.Y. 1964) ........................................................................18

*In re Zyprexa,*
    474 F.Supp. 2d 385 (E.D.N.Y. 2007) ................................................................6, 7

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945)......................................................................................13, 17

*ISI Brands. Inc. v. KCC Intern.. Inc.,*
    458 F.Supp.2d 81 (E.D.N.Y. 2006) .......................................................................16

*Jazini v. Nissan Motor Co., Ltd.,*
    148 F.3d 181 (2d Cir. 1998)..................................................................................13

*King. v. Allied Vision, Ltd.,*
    65 F.3d 1051 (2d Cir. 1995)..................................................................................18

*Levin v. Tiber Holding Corp.,*
    277 F.3d 243 (2d Cir. 2002)..................................................................................18

*Local 875 I.B.T. Pension Fund v. Pollack,*
    992 F.Supp. 545 (E.D.N.Y. 1998) ........................................................................17

*Madsen v. Women's Health Center, Inc.,*
    512 U.S. 753 (1994)................................................................................................6

*People of State of New York v. Operation Rescue Nat.,*
    80 F.3d 64 (2d Cir. 1996).......................................................................................7

*Regal Knitwear Co. v. NLRB,*
    324 U.S. 9 (1945)...........................................................................................7, 10

*Reno v. ACLU,*
    521 U.S. 844 (1997)..............................................................................................11

*Spencer Trask Ventures v. Archos S.A.,*
    No. 01-1169, 2002 WL 417192 (S.D.N.Y. March 18, 2002) .................................14

*Steans v. Combined Insurance Company of America,*
    149 F.3d 1266 (11th Cir. 1998) .............................................................................6

*Stringfellow v. Haines,*
    309 F.2d 910 (2d Cir. 1962)..................................................................................18

*Sunward Electronics, Inc. v. McDonald,*
 362 F.3d 17 (2d Cir. 2004)..................................................................................17

*United States v. Cutler,*
 6 F.3d 67 (2d Cir. 1993)......................................................................................19

*United States v. United Mine Workers,*
 330 U.S. 258 (1947)............................................................................................18

*Waffenschmidt v. Mackay,*
 763 F.2d 711 (5th Cir. 1985) ..............................................................................8

*Weitzman v. Stein,*
 897 F.2d 653 (2d Cir. 1990)..................................................................................6

*Wiwa v. Royal Dutch Petroleum Co.,*
 226 F.3d 88 (2d Cir. 2000)..................................................................................14

*Xiu Feng Li v. Hock,*
 371 Fed. Appx. 171 (2d Cir. 2010) ......................................................................14

*Zenith Radio. Corp. v. Hazeltine Research, Inc.,*
 395 U.S. 100 (1969)............................................................................................12

## STATUTES

15 U.S.C. § 1125(d) ...................................................................................................9

15 U.S.C. § 1125(d)(1) ............................................................................................12

C.P.L.R. 302 (a) .......................................................................................................15

C.P.L.R. §301...............................................................................................13, 14, 15

C.P.L.R. § 302(a)(1) ................................................................................................15

Fed. R. Civ. P. 65 (a)(2).............................................................................................5

Fed. R. Civ. P. 65(d)(2)..........................................................................................4, 5

Fed. R. Civ. P. 1 ......................................................................................................11

Fed. R. Civ. P. 65 ............................................................................................. passim

## OTHER AUTHORITIES

11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2956 .............................6

Black's Law Dictionary..............................................................................................5

Non-party Public Interest Registry ("PIR") respectfully submits this memorandum of law in opposition to the application for contempt filed by Plaintiffs the North Face Apparel Corp. and PRL USA Holding, Inc. ("Plaintiffs") and the accompanying Order to Show Cause entered on April 29, 2011.

## PRELIMINARY STATEMENT

PIR specially appears in this matter to contest jurisdiction and the enforceability and validity of the December 2, 2010 and December 20, 2010 (collectively the "Orders") to the extent that they direct PIR to disable certain domain names owned and controlled by the Defendants in this action.

It is undisputed that PIR has no business relationship or affiliation whatsoever with the Defendants.  PIR is responsible for operating one of the internet's original top level domains, .ORG, and it maintains the authoritative database of all .ORG domain names.  As such, PIR is committed to promoting the public interest in a stable, secure, and free internet.  PIR is not unsympathetic to claims by commercial entities, like the Plaintiffs, that they have been victimized by illegal websites selling counterfeit goods.  However, as the registry for all .ORG domain names, PIR must protect its own business interests, which include meeting its contractual obligations with intermediaries.  With the utmost respect to the Court, because Plaintiff has secured orders that are not enforceable or valid as to PIR, PIR cannot be held in contempt for failing to comply.

Respectfully, Federal Rule of Civil Procedure 65 does not provide an independent jurisdictional basis to enjoin PIR because PIR was not a party to the litigation, is not an agent of a party to the litigation, and is not acting in concert with a party to the litigation.  With respect to the domain names at issue in this action, PIR merely accepted orders for the registrations from an intermediary -- not the Defendants -- before this injunction was granted, and PIR has taken no

1

additional action after accepting these registrations. PIR has not in any way aided and abetted any violation of a court Order by the Defendants whose offending websites were operative before the Court issued its orders. As set forth more fully below, PIR does not conduct business in New York and lacks the requisite contacts with the state of New York to provide the Southern District of New York with personal jurisdiction, especially as to the claims relating to the registration of the Defendants' domain names at issue in the underlying litigation.

Plaintiffs are hardly without remedy. PIR has repeatedly offered its cooperation to Plaintiffs to assist them in obtaining the necessary orders in the Eastern District of Virginia -- where PIR maintains its principal place of business -- through an *in rem* action against the offending websites to disable the Defendants' control over the .ORG domains. Plaintiffs have refused and rejected PIR's offers to assist, and instead, they have pursued relief in New York. Denial of the relief Plaintiffs seek in this Court will not prejudice Plaintiffs' opportunity to pursue the appropriate relief in Virginia.

## FACTUAL BACKGROUND

PIR is a Pennsylvania nonprofit corporation, with its principal and sole place of business in Reston, Virginia, that manages the registry of the .ORG top-level domain on the Internet.[1] *See* Declaration of David W. Maher dated May 20, 2011 at ¶ 3-4 ("Maher Declaration"). PIR operates under the terms of a contract with the Internet Corporation for Assigned Names and Numbers (ICANN) with a principal obligation to preserve the security and stability of the Internet. *Id.* at ¶¶ 5, 7. Pursuant to that contract, PIR also contracts with intermediary entities, known as "registrars," who are accredited by ICANN and whose function is to interact with individuals and entities seeking to register .ORG domain names and conduct all of the

---

[1] The top-level domains, including .COM, .ORG, and .NET, are divisions within the hierarchical registration system that provides structure to the Internet. Maher Declaration, ¶ 4.

registration transactions directly with PIR. *Id.* at ¶ 5. Moreover, PIR has no control over how registrants like the Defendants use a domain name, and PIR does not control content placed or maintained on any website or the operations of any website. *Id.* at ¶ 10.

Here, PIR was not a party to *The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing. Id.* at ¶ 10. PIR is not an officer, agent, servant, employee, or attorney of the Defendants in the case. *Id.* at ¶ 11. PIR does not have any business relationship with the Defendants. *Id.* at ¶ 13.

Regarding the .ORG websites at issue here, PIR did not contract with the Defendants to register the domain names. *Id.* at ¶ 14. Instead, PIR's contractual relationships are with the registrars sponsoring those domain names, which are: Melbourne IT, Ltd.; Bizcn.com, Inc.; Hichina Zhicheng Technology Limited; Directi Internet Solutions Pvt. Ltd. d/b/a Public Domain Registry; GoDaddy.com, Inc.; Jiangsu Bangning Science and Technology Co. Ltd.; Xin Net Technology Corporation; and Web Commerce Communications Limited d/b/a WebNic.cc. *Id.* at ¶ 14. None of these registrars are located in New York, and none of the registration activity conducted by PIR, for these domain names or any domain names, occurs in New York. *Id.* at ¶ 15, 20.

PIR had no contact with the Defendants before the injunction was issued. *Id.* at ¶ 16. PIR has not had any contact with the Defendants since the injunction was issued. *Id.* at ¶ 17. In fact, PIR's only activity involving the domain names at issue here was to register the names, an activity that occurred prior to this litigation and prior to the Court's December 2, 2010 and December 20, 2010 orders. *Id.* at ¶ 18.

PIR does not maintain any office or office space in the state of New York and does not have any employees or agents in New York. *Id.* at ¶ 19-20. PIR maintains no telephone number

or mailing address in New York, and its website does not list any New York contact information. *Id.* at ¶ 20. PIR currently is not, nor has it ever been, authorized or licensed to do business in state of New York. *Id.* at ¶ 21. PIR does not have an agent for service of process in New York. *Id.* PIR currently does not have, nor has it ever had, any member, parent or subsidiary corporation located in the state of New York. *Id.*

Additionally, PIR does not sell or ship products into New York. *Id.* at ¶ 22. PIR currently does not own, nor has it ever owned, real or personal property located in the state of New York. *Id.* at ¶ 23-24. PIR currently does not incur or pay, nor has it ever incurred or paid, taxes in the state of New York. *Id.* at ¶ 25. PIR does not have a bank account in the state of New York. *Id.* at ¶ 26. PIR does not directly advertise or solicit business in the state of New York. *Id.* at ¶ 27. PIR does not instruct any person or entity to advertise or solicit business in the state of New York on its behalf. *Id.* at ¶ 28.

## LEGAL ARGUMENT

**I.    PIR SHOULD NOT BE HELD IN CONTEMPT BECAUSE THE COURT ORDERS PLAINTIFFS SEEK TO ENFORCE ARE NOT VALID; PIR IS NOT ACTING IN CONCERT WITH THE DEFENDANTS.**

Although a district court has broad discretion in deciding whether to hold a party in contempt, it should not resort to such a severe sanction if there are any grounds for doubt as to the wrongfulness of the conduct. Moreover, a sanction for contempt should not be imposed "where there is a fair ground of doubt as to the wrongfulness of the [party's] contempt." *Brown v. City of Syracuse*, 623 F.Supp.2d 272, 275 (N.D.N.Y. 2009). Because of the extraordinary nature of the sanction, courts generally impose it with caution and in a manner appropriate to the situation. *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1177 (2d Cir. 1996).

Under Federal Rule of Civil Procedure 65(d)(2), a Court may issue injunctive relief against only the parties to a case, the parties' officers, agents, servants, employees, and attorneys,

and other persons who are in active concert or participation with the parties or their officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65 (d)(2). To reach the conclusion that a non-party is "acting in active concert or participation with the parties," a court must determine whether the non-party is in privity with the party or is aiding an abetting the party's violation of the court's order.

PIR should not be held in contempt of this Court's orders dated December 2, 2010 and December 20, 2010 because the orders exceed the bounds of the Court's jurisdiction over PIR. PIR has had no direct involvement with the Defendants. PIR's only activity was the registration of the domain names, under the direction of the registrars and not the Defendants, at a time well before the Court orders were issued. Given its lack of involvement with this case and with the Defendants, PIR does not fall within the categories of parties that can be enjoined under Rule 65.

### A. Simply being named in the Court's orders does not make PIR a "party" to the case under Rule 65.

PIR is not a defendant in *The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing.*[2] *See* Maher Declaration, ¶ 11. And Plaintiffs' suggestion that because PIR is named in the Court's orders it is a "party" to the case for purposes of Rule 65 is not supported by the case law.[3] *See* Memorandum of Law in Support of Plaintiffs' Application for an Order to Show Cause Why Public Interest Registry Should Not Be Held in Contempt of This Court's December 2, 2010 and December 20, 2010 Orders ("Plaintiffs' Memorandum of Law") at 8-10.

Under Plaintiffs' interpretation of Rule 65, which expressly applies only to "the parties" to a case, a court could enforce an injunction binding anyone, anywhere, simply by naming them

---

[2] PIR is not an officer, agent, servant, employee, or attorney of the Defendants in this action. Maher Declaration, ¶ 9. And Plaintiffs have not alleged that PIR is an officer, agent, servant, employee, or attorney of Defendants in this action.

[3] This contention is also directly refuted by the plain text of Rule 65. *See* F.R.C.P. 65 (a)(2) (requiring that the court "preserve any party's right to a jury trial.") *See also* Black's Law Dictionary (defining "party" as "one by or against whom a lawsuit is brought.")

5

in an order. However, merely having been named in an injunction and receiving notice does not suffice to bind anyone, anywhere under Rule 65. For this very reason, in *Weitzman v. Stein*, 897 F.2d 653 (2d Cir. 1990), the Second Circuit vacated an order naming the wife of the defendant and purporting to freeze the wife's assets, where the wife was not a party to the case and the court lacked personal jurisdiction over her. *See also* 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2956, at 555 ("court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction.") Plaintiffs' circular reasoning would render well-established principles of jurisdiction meaningless. As the Eleventh Circuit succinctly explained:

> We are confident that a district court cannot enter a judgment purporting to bind nonparties over whom it does not have jurisdiction, seek to join those nonparties to the underlying litigation, and then issue an injunction against those parties based on a need to protect its earlier judgment.

*Steans v. Combined Insurance Company of America*, 149 F.3d 1266 (11th Cir. 1998) (finding that court order enjoining non-parties constituted an abuse of discretion).

Contrary to the Plaintiffs' suggestion, the Supreme Court's ruling in *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 775 (1994), does not support their conclusion that anyone named in a court order is a Rule 65 "party." *See* Plaintiffs' Memorandum of Law at 8. The scope of Rule 65 was not actually considered by the *Madsen* Court because the defendant in the underlying litigation had stipulated that the individuals enjoined were active in its organization. Further, the Court's ruling was limited to an adjudication of the standing of those individuals to challenge the validity of the order as it pertained to non-parties. Similarly, the Plaintiffs' reliance on *In re Zyprexa*, 474 F.Supp. 2d 385, 418 (E.D.N.Y.2007) is misplaced because there, the Court addressed only whether it could enforce an order against two individuals who had already

6

submitted to the jurisdiction of the Court (as an expert witness) and/or were within the court's jurisdiction (as an employee in New York).[4]

Therefore, the fact that PIR was named in this Court's orders does not make it a "party" to *The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing et al..*

### B.   PIR has not acted in concert with Defendants, as mere inactivity, in relation to a website, does not fall under Rule 65.

PIR is not in "active concert or participation" with the Defendants. A person is in "active concert" or participation with a party if he either aids or abets an enjoined party in violating the injunction or if he is in privity with an enjoined party. *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). An injunction can bind the defendants, and "those identified with them in interest, in 'privity' with them, represented by them, or subject to their control." *Id.; see also People of State of New York v. Operation Rescue Nat.,* 80 F.3d 64, 70 (2d Cir. 1996) ("In order for a court to hold a nonparty respondent in contempt of a court order, 'the respondent must either abet the [party named in the order], or must be legally identified with him.'") (*citing Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930).

Here, Plaintiffs do not and cannot suggest that PIR is in privity with the Defendants as the record before the Court establishes that it is not. *See* Maher Declaration, ¶ ¶ 7, 13-14, 15-17. Nor, contrary to the entire premise of Plaintiffs' argument here, does PIR's inaction in response to the Court's orders constitute "aiding and abetting" under Rule 65 law.

Just six months ago, the Seventh Circuit decided a case under facts and in a procedural posture that are virtually on all fours with this action, holding that Rule 65 did not authorize the district court to order a nonparty website operator to remove a defamatory comment. *Blockowicz*

---

[4] Additionally, the ruling in *In re Zyprexa* addressed the specific factual situation in which the court was confronted with "[r]ecovering stolen documents obtained in violation of a court discovery order when needed to protect a party to a litigation[.]" This action does not, as in *In re Zyprexa*, concern a party's agent's leak of documents to the press following a court's sealing order.

*v. Williams,* 630 F.3d 563 (7th Cir. 2010).  In that case, the website operators did not comply with a court order to remove the defamatory posts about the plaintiffs.  Plaintiffs argued that by failing to remove the posts, the website operator was "acting in concert" with the defendants. The Seventh Circuit, upholding the district court's denial of a motion for third party enforcement of injunction, also disagreed with the plaintiffs.  The appeals court noted no evidence in the record would support a finding that the website operator had any contact with the Defendants after the injunction was issued.  *Id.* at 568.

In rejecting the argument that the website acted in active concert with the defendant, the Seventh Circuit observed, "the record indicates that [the website operators] have simply done nothing relevant to this dispute" since entering into the initial contract before the injunction.  *Id.* To the contrary, the Seventh Circuit further noted, "[t]he record indicates nothing more than that [the website's operators] have ignored the injunction." *Id.* at 569.  *Blockowicz* applied the scope of Rule 65 specifically to the conduct of entities that, while they possess the technical means to disable a website, are not, by taking no action to do so, aiding and abetting or otherwise in active concert with the Defendants responsible for the allegedly wrongful postings.[5]  Based on these facts, the Court concluded that Rule 65 was "not the appropriate mechanism for achieving the removal of the defendants' posts," as it was "not broad enough to bind [the website operators] to the terms of this injunction in light of their inactivity." *Id.* at 569-70.

The two cases cited by Plaintiffs to suggest that PIR is acting in concert with the Defendants are inapposite.  *Waffenschmidt v. Mackay*, 763 F.2d 711 (5th Cir. 1985), concerned two individuals found to have acted as Defendant's agent in transferring funds <u>after entry of the</u>

---

[5] *Blockowicz* makes clear that the technical ability of a website operator is irrelevant to the Rule 65 analysis. Nonetheless, Plaintiffs' suggestion that PIR chooses which court orders to follow is incorrect.  The takedown orders listed on PIR's website (*see* Plaintiffs' Memorandum of Law at 8), related to criminal investigations and civil forfeiture proceedings brought by the U.S. government.  These orders are thus wholly different from the private, civil matters before the court today.

court's order, and thus were in "active concert and participation" with the Defendant under Rule 65. The party defendant and the non-parties held in contempt were clearly working within a common scheme to launder the proceeds obtained through securities fraud. *Id.* Likewise, *Burberry Limited (UK) et al v. Burberry-Scarves.com*, No. 1:10-00066 (E.D.Va. Jan. 18, 2011), is not on point. *Burberry Limited (UK)* concerned an interlocutory order -- a TRO -- rather than the final order -- a permanent injunction -- at issue here. Further, the Court's decision in that case in no way foreclosed either the *Burberry* plaintiffs or the Plaintiffs here from filing an action *in rem* against the domain name in the Eastern District of Virginia under 15 U.S.C. § 1125(d), as discussed *infra* in Section III of this Memorandum.

Plaintiffs' weak attempt to distinguish *Blockowicz* by alleging that PIR actively assists Defendants on a daily basis (Plaintiffs' Memorandum of Law at 13), reflects a fundamental misunderstanding of PIR's role in registering domain names, as (a) PIR has had no relationship or contract with Defendants at any time; and (b) any registration activity undertaken by PIR to register the domain names at issue occurred before the injunction was granted.[6] PIR does not control the uses to which a registrant may put a domain name and does not control content placed or maintained on any website or the operations of any website (other than its own website). *Id.* at ¶ 10.

As PIR has made clear, it does not have <u>any</u> relationship with the Defendants and is <u>not</u> actively engaged in any maintaining the websites at issue. Instead, PIR registered the domain names, through intermediary registrars, before the injunction was issued, and it has taken no further action to enable the use of the domains. This Court, in line with the Seventh Circuit's

---

[6] Plaintiffs allege that they have "discovered" approximately eighty additional websites located at .ORG names since the entry of the Court's orders without providing any additional details or factual support. Plaintiffs' Memorandum of Law at 19. Obviously, these unidentified additional websites are not before the Court. Again, PIR has had no contact with the Defendants, and has taken no action with respect to the domains referenced in the Court's orders, since before the orders were entered.

reasoning in *Blockowicz* that mere inactivity with respect to the Internet does not constitute acting in concert with a defendant, should determine that the underlying orders are unenforceable as to PIR under Rule 65.

### C. PIR's protection of its independent business interests and the public interest in a free Internet also does not constitute aiding and abetting the Defendants under Rule 65.

Indeed, *Blockowicz* is completely consistent with Rule 65 decisions in other contexts that do not involve the Internet. Likewise, the Supreme Court has made clear that where a non-party acts independently to protect its separate business interests and has not had its rights adjudicated by the court, it can not be found to be "in active concert or participation" with an enjoined defendant. *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945) ("The courts, nevertheless, may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law.").

The Second Circuit has held that a non-party does not act on behalf of or in concert with a defendant where the non-party merely pursues its own business interest. *See, e.g. Heyman v. Kline*, 444 F.2d 65 (2d Cir. 1971) (finding where the defendants' wife had an independent interest in property, the court could not order her to release that property under Rule 65 because she was not merely acting on behalf of the defendant). In this action, PIR has no on-going relationship with the Defendants. Maher Declaration, ¶ 10. In fact, PIR has never had a relationship with the Defendants regarding the .ORG websites at issue. *Id.* at ¶ 14, 16, 17. PIR did not contract with the Defendants to register the domain names, and PIR had no contact with the Defendants before the injunction was issued or after the injunction was issued. *Id.* at ¶ 13-14.

Instead, PIR has continuously followed its obligations as manager of the .ORG domain to preserve the security and stability of the Internet. Specifically, PIR has contractual obligations under its agreements with registrars and its agreement with ICANN to manage the registry.

10

Maher Declaration, ¶¶ 5-7; 14.  Moreover, PIR promotes the public's interest in the growth and freedom of the Internet, as a means of communication and commerce, an important policy interest recognized by the Supreme Court in *Reno v. ACLU*, 521 U.S. 844 (1997).  The fact that PIR has taken no action on behalf of the Defendants, and instead continues to pursue its overarching obligations to serve the public's interest and its own business interests, further bolsters the conclusion that it does not fall within the ambit of Rule 65.  Accordingly, the Court should not hold PIR in contempt based on the December 2, 2010 and December 20, 2010 orders.

### D.   Lanham Act cases do not provide an exception to Rule 65; instead, Congress created a separate right of action to secure a takedown order for litigants in the precise position as Plaintiffs.

Plaintiffs erroneously argue that the Lanham Act authorizes the Court to exceed the bounds of Rule 65. Plaintiffs' Memorandum of Law at 8.  To the contrary, the requirements of Rule 65 apply to all injunctions. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts.").

Contrary to Plaintiffs' arguments, the Lanham Act does not eliminate the due process requirement of personal jurisdiction and does not allow for nationwide service of process.  *See Digisound-Wie, Inc. v. Bestar Technologies, Inc.*, No. 07-6535, 2008 WL 2095605 (N.D.Ill. May 16, 2008) (granting motion to dismiss Lanham Act claims where defendant lacked minimum contacts with the forum state).  Federal Rule of Civil Procedure 1 provides that "these rules govern the procedure in all civil actions and proceedings in United States District Court." Plaintiffs' have not cited any contrary authority to support their position that Rule 65 is inapplicable to injunctions under the Lanham Act.

Although the Lanham Act does not eliminate the requirements of Rule 65, Plaintiffs are not without a vehicle to secure a take-down order in this case.  In fact, Congress has anticipated that domain name registries like PIR are beyond the reach of the Rule.  For this reason,

Congress, through the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d)(1), created a separate procedure that would allow Plaintiffs to proceed against the domain names or websites, *in rem*.  This procedure would provide the Plaintiffs with the precise remedy they seek, and furnish the appropriate forum -- the Eastern District of Virginia Court -- with *in rem* jurisdiction over the offending domain names. Plaintiffs remain entirely free to initiate an *in rem* proceeding in Virginia at any time.

In fact, PIR has made clear for more than a year now, since Plaintiffs first contacted it regarding the April 9, 2010 TRO, that PIR would cooperate in such a proceeding in Virginia. *See* Exhibit B annexed to the Plaintiffs' Declaration of Seth Kertzer.  Instead of pursuing this readily available, reasonable, and inexpensive course, Plaintiffs chose to proceed against PIR adversarially in this Court.  Plaintiffs cannot fault PIR for Plaintiffs' own failure to seek the appropriate remedy.  Rather than holding a non-party in contempt, PIR asks the Court to require Plaintiffs to pursue the preferred remedy Congress provided and initiate an action in Virginia.

## II.   PIR SHOULD NOT BE HELD IN CONTEMPT BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER IT.

Established law holds that "one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio. Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969). In addition, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Id.*

Determining whether personal jurisdiction exists is a two-step process. Only if both prongs are satisfied may the Court exercise personal jurisdiction over a non-resident defendant.

First, the Court must determine whether there is a statutory basis for exercising personal jurisdiction.  Unless a federal statute authorizes nationwide service of process, which the

Lanham Act does not, federal courts look to the laws of the forum state to determine whether they have personal jurisdiction over a party. *Digisound-Wie, Inc. v. Bestar Technologies, Inc.*, No. 07-6535, 2008 WL 2095605 (N.D.Ill. May 16, 2008); *see also Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (looking to New York law to determine whether the E.D.N.Y. could exercise *in personam* jurisdiction over a nonresident defendant).

Second, if jurisdiction exists under the applicable long-arm statutes, the Court must consider whether its exercise of personal jurisdiction over the defendant would comport with the requirements of the Due Process clause of the United States Constitution. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant must have "certain minimum contacts with [the state] such that the maintenance of this suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*

In this case, neither New York 's general jurisdiction nor long-arm provisions provide a basis for this Court to exercise personal jurisdiction over PIR. Additionally, and while the Court need not reach this issue, PIR also lacks the minimum contacts with New York necessary for this Court to exercise personal jurisdiction over it consistent with the requirements of the Due Process Clause.

### A.    PIR Is Not "Doing Business" In New York Under C.P.L.R. 301.

Pursuant to C.P.L.R. §301, a defendant is subject to personal jurisdiction in New York if it is "doing business" in New York. This standard requires that a party be "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in the state." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (internal citations omitted). "[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York, not  occasionally or casually, but

with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000).

In determining whether a defendant is subject to general jurisdiction, New York courts look to a number of factors, including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 2000). Even where one or more factors are present, courts may conclude that the contacts with the state are insufficient to justify the exercise of general jurisdiction. *See, e.g. Xiu Feng Li v. Hock*, 371 Fed. Appx. 171, 174 (2d Cir. 2010) ("Solicitation of business alone will not justify a finding or corporate presence in New York with respect to a foreign manufacturer or purveyor of services."); *Canadian Group Underwriters Ins. Co. v. M/V Arctic Trader*, No. 96-9242, 1998 WL 730334, *3 (S.D.N.Y. Oct. 19, 1998) (existence of bank account used to wire out funds, agreement to arbitrate disputes in New York and presence of registered agent in New York not sufficient to show that defendant was doing business in New York).

In this action, the Maher Declaration establishes that PIR is physically located outside of New York, is not incorporated in the state, has no employees or office in the state, has no continuous business presence in the state, it is not licensed to do business in the state, and has no agent designated to receive service of process in the state. Maher Declaration, ¶ 17-18, 20-26. While the .ORG domain, whose registry is managed by PIR, is globally available on the Internet, including in New York, "the fact that a foreign corporation has a website accessible in New York is insufficient to confer jurisdiction under C.P.L.R. § 301." *Spencer Trask Ventures v. Archos S.A.*, No. 01-1169, 2002 WL 417192, at *6 (S.D.N.Y. March 18, 2002).

14

In sum, PIR is not "doing business" in New York such that general jurisdiction is appropriate under C.P.L.R. § 301.

**B.    PIR Lacks Sufficient Contacts with New York to Justify the Exercise of Specific Jurisdiction Under C.P.L.R. § 302(a)(1).**

Further, PIR is not subject to specific jurisdiction under New York's long-arm statute, which provides:

> **Acts which are the basis of jurisdiction**. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1.   transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2.   commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3.   commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>    (i)   regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>    (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4.   owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. 302 (a). To establish specific jurisdiction under this long-arm statute, there must be "an articulable nexus, or a substantial relationship" between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).

PIR is outside of the reach of the long-arm statute. PIR is physically located outside of New York, is not incorporated in the state, has no employees or office in the state, has  no continuous business presence in the state, it is not licensed to do business in the state, and has no agent designated to receive service of process in the state. Maher Declaration, ¶ 17-18, 20-26.

PIR also does not sell or ship products into New York. *Id.* at ¶ 22.  PIR currently does not own, nor has it ever owned, real or personal property that is located in the state of New York. *Id.* at ¶ 23-24.  PIR does not directly advertise or solicit business in the state of New York, nor does it instruct any persons or entities to advertise in the state of New York on its behalf. *Id.* at ¶ 27-28.  PIR is not aware of any of the registrars for the domain names at issue having a New York presence. *Id.* at ¶ 15.  And none of the registration activity conducted by PIR related to the domain names at issue in this case or any of the .ORG domain names occurs in New York. *Id.* at ¶ 29.

Again, the only contact that PIR has with New York is the fact that the domain whose registry it manages has a global online presence, including a website, which is accessible in New York.  The fact that individuals in New York can access PIR's website does not constitute "transacting business" for the purposes of section 302 unless it is coupled with some additional connection to New York. *See, e.g. ISI Brands, Inc. v. KCC Intern., Inc.,* 458 F.Supp.2d 81, 87-88 (E.D.N.Y. 2006) (noting that "[e]ven the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York.").

Accordingly, this Court lacks personal jurisdiction over non-resident and non-party PIR.

## C.    The Exercise of Personal Jurisdiction over PIR Would Violate Due Process.

Because there is no statutory basis for jurisdiction, this Court need not undertake a constitutional analysis regarding the exercise of personal jurisdiction over PIR.  In any event, because PIR does not have even minimum contacts with the state of New York, this Court's exercise of personal jurisdiction over PIR would also fail to comport with constitutional due process standards. *See Berwick v. New World Network Intern., Ltd.,* No. 06-2641, 2007 WL

949767, at *9 (S.D.N.Y. March 28, 2007); *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

In order to meet the constitutional due process standard, a district court must find that the non-resident defendant has purposefully established "minimum contacts" in New York and that the quality and nature of defendant's contacts are "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *City of New York v. CycoNet*, 383 F.Supp.2d 526, 541 (S.D.N.Y.2005) ("In determining whether minimum contacts exist, the court considers 'the relationship among the defendant, the forum, and the litigation.'") (internal citation omitted).

New York State's long-arm statute does not extend jurisdiction to the furthest extent of due process permitted by the Constitution. *Local 875 I.B.T. Pension Fund v. Pollack*, 992 F.Supp. 545 (E.D.N.Y. 1998). Instead, to determine whether the requisite contacts exist, the courts consider: "(1) whether the defendant purposefully availed himself of the benefits of the forum state; (2) whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there; and (3) whether the defendant carries on a continuous and systematic part of its general business within the forum state." *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F.Supp. 433, 437 (S.D.N.Y. 1996); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473-4 (1985).

Here, none of these factors can be met consistent with the requirements of due process. PIR does not target the state of New York as a place of business, nor does it have any continuous and systematic contact with the state. Maher Declaration, ¶ 3, 19-29.  PIR does not participate in any purposeful activity such that it could foresee being haled into court in the state of New York. *Id.*  Indeed, the only contact that PIR has with New York is that its website can be accessed in

the state. To find that this activity opens PIR up to personal jurisdiction in New York conceivably would render PIR amenable to jurisdiction in every state. Such a finding would violate the guarantee of due process. Therefore, the Southern District of New York's exercise of jurisdiction over PIR does not survive constitutional scrutiny.

## III. THE FACTS IN THIS CASE DO NOT SUPPORT FINDING PIR IN CONTEMPT.

The party seeking a contempt finding bears the heavy burden of establishing the claim by clear and convincing evidence. *Stringfellow v. Haines*, 309 F.2d 910, 912 (2d Cir. 1962). Specifically, the movant must demonstrate by clear and convincing evidence that (1) a valid court order was in effect, (2) that order clearly and unambiguously required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *King. v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). *See also Levin v. Tiber Holding Corp.*, 277 F.3d 243, 251 (2d Cir. 2002) ("It must be proven that [the alleged contemnor] 'had knowledge of and disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the [other] party.'") (internal citation omitted).

An order or decree issued by a Court beyond its authority, and with respect to a person over whom it has no jurisdiction, should not be permitted to stand. *In re Stern*, 235 F.Supp. 680, 682 (S.D.N.Y. 1964). Accordingly, where an order exceeds the court's jurisdiction, the validity of the order may be challenged in a contempt proceeding. *See F.T.C. v. Verity Intern, Ltd.*, 140 F.Supp.2d 313 (S.D.N.Y. 2001). The cases that Plaintiffs cite to support their suggestion that contempt is appropriate where an underlying court order is found to be invalid did not involve cases where the court lacked personal jurisdiction over the parties. For example, in *In re Feit & Drexler, Inc,* 760 F.2d 406 (2d Cir. 1985), the Second Circuit clearly stated that the district court had personal jurisdiction over the contemptor. Likewise, in *United States v. United Mine Workers*, 330 U.S. 258 (1947), the Supreme Court specifically stated that an order is enforceable

where the district court has "jurisdiction over the subject matter and person." Here, the Court lacks personal jurisdiction over PIR.

Because PIR is not acting in concert with the Defendants in this case and is not otherwise subject to this court's jurisdiction, the underlying orders in these proceedings enjoining PIR are not valid. Therefore, the orders should be vacated, and PIR should not be held in contempt for failing to comply. PIR has a good faith basis for challenging these orders and has consistently communicated that basis to Plaintiffs. Accordingly, even if this Court finds that PIR is in violation of the Orders, PIR should not be held in contempt.

Further, if this Court determines that a contempt order is warranted, PIR asks that this Court stay the imposition of any coercive penalty while PIR pursues an appeal of the Court's decision. *See United States v. Cutler*, 6 F.3d 67 (2d Cir. 1993) (contempt sanctions stayed pending expedited appeal). A stay would ensure that, before it suffers any penalty for non-compliance with the Court's Orders, PIR would receive appellate review of the important questions of the Federal Rules and personal jurisdiction.

## CONCLUSION

For these reasons, PIR respectfully requests that the Court find that PIR is not in contempt, issue an appropriate order discharging PIR from any further involvement in these proceedings, and grant such other relief to PIR as the Court deems appropriate under these circumstances.

Dated:  New York, New York
       May 20, 2011

Respectfully submitted,

HOLLAND & KNIGHT LLP


By _____
      Sean C. Sheely, Esq.
31 West 52nd Street
New York, NY  10019
Tel:  (212) 513-3200
Fax:  (212) 385-9010
sean.sheely@hklaw.com

and

Charles D. Tobin, Esq.
     *(pro hac vice to be submitted)*
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington DC 20006
Tel:  (202) 419-2539
Fax:  (202) 955-5564
charles.tobin@hklaw.com

*Attorneys for Non-Party Public Interest Registry*

Of Counsel:
     Christine N. Walz, Esq.

#10343026_v6