UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., a Delaware Corporation, and PRL USA HOLDINGS, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FUJIAN SHARING IMPORT & EXPORT LTD. CO. d/b/a B2BSHARING.COM; DONGPING LIU a/k/a DONG PING LIU; YUAN CHEN; ANDY HUANG; MIN CHEN; CAI XIAN SHENG; MICHAEL LIN; LIMING WANG a/k/a JUNZHENG JIA; FANG CHENG; WEIXIAN LIN; ZHOU CHANG; PP JINBO; JERRY URBEN; HUNAG YANXIA; WANG ZHAO CHENGYUAN ZHAO; ZHAO HUI; ZHANG XUE PING; QINGXIONG SU; CAI XIANGJIAO; ZHUANG TING TING; XU DAN; INFEI YE; ZOU JIA QI; LIU ZHAO DI; CHENG XIAO RONG; XIE ZHAO XI; HUANG DENIG QIANG; JIE ZHAO; LIN XIA MEI; WENG FENG ZHU; JIA DE BAO; QIAO YAN PING; XI QIANG; TAO ZHU; LIN JIAN PING; CAI ZHONGYING a/k/a NANCY LIN; WANG XUEMIN; JUNMIN JIA; LIU SU JUN; FANMING WU; HUANG ZHI BING; CONGLONG LIN; LIU LIN FIANG; GUO XUE LIANG; MING FENQ GU; ZHENG YU TANG; CHEN WEIGUI; YU JIA LONG; LU XIAO YANG; LIU QIAO LING; CHEN JIAN SHENG; CAO CHUN LIN; CHEN JIAN; JIANG LONG SHENG; MA SHI LEI; JUNJIE JIA; HUANG JIAN XIONG; CHENG XIAN WEI; WANG ZHEN YONG; JIAN CHEN LIN; QIU LI SHAN; XIAN TING; WANSHAN LIN; CHEN QING CHONG; HUANG JIAN RUI; ZHIYAN LI; RUI YANG; YOU ZONG YANG; MI GUI YING; LU XIN LUAN; CHEN JIANFANG; RUI IXIE; ZHIANG SHU; LIN YI CHUN; LI ZHAN; LU MINGZHI; WU ZHIYONG; WANG YUN MINGZHI; TIAN ZHENHUA; GUO ZHI BIN; MIAO CHUN LAN; WENG YI XIN; LIANG XIAOYANG; YIN LI YING; FAN QIANG; LI XUE FENG; GUAN WEI JIAN; SUN CUI XIU MINGZHI; CAI YUN JING; YE XIN CHEN SHUANG YING; CHEN YA BO; SU YUAN LIAN; GUO SUQING; LIN JUN QIN; WANG ZHI XIANG; XIE CHAO; FAN KEYANG; CAI YA QUAN; WENG YUAN | CIVIL ACTION<br>NO. 10-CIV-1630 (AKH)<br><br>[~~PROPOSED~~] TWENTY-FOURTH SUPPLEMENTAL ORDER TO DISABLE AND TRANSFER DEFENDANTS' NEWLY-DETECTED DOMAINS<br><br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/23/14 |

1

| |
|---|
| DONG; CHEN SHUN JIN; XU WEIQUN; ZHU TING MING; JOHN AND JANE DOES; AND XYZ COMPANIES, |
| Defendants. |

WHEREAS THIS COURT entered an *ex parte* temporary restraining order, seizure order, asset restraining order, domain name transfer order, and order to show cause for a preliminary injunction on March 2, 2010 ("TRO"), and a Preliminary Injunction on March 16, 2010 continuing the relief set forth in the TRO; and

WHEREAS THIS COURT, on September 13, 2010, entered a Default Judgment and Permanent Injunction against Defendants and in favor of Plaintiffs in the sum of $78,000,000 and a permanent injunction continuing the relief set forth in the Preliminary Injunction, *inter alia*, permanently enjoining and restraining Defendants FUJIAN SHARING IMPORT & EXPORT LTD. CO. d/b/a B2BSHARING.COM, DONGPING LIU a/k/a DONG PING LIU, YUAN CHEN, ANDY HUANG, MIN CHEN, CAI XIAN SHENG, MICHAEL LIN, LIMING WANG a/k/a JUNZHENG JIA, FANG CHENG, WEIXIAN LIN, ZHOU CHANG, PP JINBO, JERRY URBEN, HUNAG YANXIA, WANG ZHAO HUI, CHENGYUAN ZHAO, ZHAO HUI, ZHANG XUE PING, QINGXIONG SU, CAI XIANGJIAO, ZHUANG TING TING, XU DAN, INFEI YE, ZOU JIA QI, LIU ZHAO DI, CHENG XIAO RONG, XIE ZHAO XI, HUANG DENIG QIANG, JIE ZHAO, LIN XIA MEI, WENG FENG ZHU, JIA DE BAO, QIAO YAN PING, XI QIANG, TAO ZHU, LIN JIAN PING, CAI ZHONG YING a/k/a NANCY WANG XUEMIN, JUNMIN JIA, LJU SU JUN, FANMING WU, HUANG ZHI BING, CONGLONG LIN, LIU LIN FIANG, GUO XUE LIANG, MING FENQ GU, ZHENG TANG, CHEN WEIGUI, YU JIA LONG, LU XIAO YANG, LIU QIAO LING, CHEN

2

JIAN SHENG, CAO CHUN LIN, CHEN JIAN, JIANG LONG SHENG, MA SHI LEI, JUNJIE JIA, HUANG JIAN XIONG, CHENG XIAN WEI, WANG ZHEN YONG, CHEN LIN, QJU LI SHAN, XIAN TING, WANSHAN LIN, CHEN QING CHONG, HUANG JIAN RUI, ZHIYAN LI, RUI YANG, YOU ZONG YANG, MI GUI YING, XIN LUAN, CHEN JIANFANG, RUI ZHANG IXIE, ZHIANG SHU, LIN YI CHUN, LI ZHAN, LU MINGZHI, WU ZHIYONG, WANG YUN MINGZHI, TIAN ZHENHUA, GUO ZHI BIN, MIAO CHUN LAN, WENG YI XIN, LIANG XIAOYANG, YIN LI YING, FAN QIANG, LI XUE FENG, GUAN WEI JIAN, SUN CUI RONG, XJU MINGZHI, CAI YUN JING, YE XIN ZHUO, CHEN SHUANG YING, CHEN YA BO, SU YUAN LIAN, GUO SUQING, LIN JUN QIN, WANG ZHI XIANG, XIE CHAO, FAN KEYANG, CAI YA QUAN, WENG YUAN DONG, CHEN SHUN JIN, XU WEIQUN, ZHU TING MING, JOHN and JANE DOES, and XYZ COMPANIES (collectively referred to as "Defendants"), where JOHN and JANE DOES and XYZ Companies referred to individuals and/or entities who own, owned or have created other domain names, websites, and/or payment accounts to manufacture, export, import, distribute, promote, advertise, offer for sale and/or sell goods bearing Plaintiffs' federally registered trademarks ("Plaintiffs' Marks"), their officers, agents, servants and employees and any persons in active concert or participation with them from:

> (i) using Plaintiffs' federally registered trademarks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs famous trademarks in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine merchandise bearing Plaintiffs' Marks; and

> (ii) passing off, inducing or enabling others to sell or pass off any apparel, backpacks, gloves, shoes or other items which are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise; and

3

       (iii)    committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiffs' genuine merchandise unless they are such; and

       (iv)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items falsely bearing Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

       (v)    utilizing or registering any domain names that use or incorporate any of Plaintiffs' Marks; and

       (vi)    operating or hosting Defendants' websites; and

       (vii)    assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (vi);

(the "Permanent Injunction"); and

WHEREAS THIS COURT, on December 2, 2010, entered an Amended Default Judgment and Permanent Injunction ("Amended Default Judgment and Permanent Injunction"); and

WHEREAS THE COURT, having considered the above, and having reviewed Plaintiffs' Application for a Twenty-Fourth Supplemental Order, the supporting declarations and exhibits submitted therewith and having been fully advised on all relevant matters, and with good cause appearing, therefore, the Court finds:

1.    Defendants have violated the terms of the Amended Default Judgment and Permanent Injunction in that they have operated and continue to operate online counterfeiting networks, including by promoting, advertising and otherwise optimizing online presence of and driving traffic to their infringing websites and by manufacturing, distributing, offering for sale and/or selling goods bearing counterfeits and infringements of Plaintiffs' Marks ("Counterfeit Products") as well as counterfeits of other trademarked

goods, at wholesale and retail to buyers in the United States and elsewhere, including in this Judicial District,

2. Defendants continue to register additional domain names ("Defendants' Newly-Detected Domains") and utilize websites connected to those domain names to conduct their counterfeiting operations, including but not limited to, those listed in **Exhibit 1** attached hereto; and

3. Defendants have continued and continue, in bad faith, to use and/or register Plaintiffs' Marks in many of Defendants' Newly-Detected Domains; and

4. Defendants have hijacked URLs within legitimate websites, which redirect to Defendants' Newly-Detected Domains, in order to increase traffic to their Newly-Detected Domains while avoiding detection and enforcement of this Court's Amended Default Judgment and Permanent Injunction; and

5. Defendants are able to continue their open contempt of this Court's Amended Default Judgment and Permanent Injunction through the virtual autonomy of the Internet, by *inter alia*, attempting to hide behind false names and identities; utilizing privacy-protection services; registering new domain names, email accounts and payment accounts; and switching Internet services between offshore hosts; and

6. Defendants are in contempt of this Court's Amended Default Judgment and Permanent Injunction and will continue to act in contempt of this Court's Amended Default Judgment and Permanent Injunction; and

7. Plaintiffs will continue to suffer irreparable harm without the entry of this Twenty-Fourth Supplemental Order To Disable And Transfer Defendants' Newly-Detected Domains ("Twenty-Fourth Supplemental Order").

5

THEREFORE THIS COURT HEREBY ORDERS that:

1. Defendants' Newly-Detected Domains listed in **Exhibit 1** to this Twenty-Fourth Supplemental Order are hereby recognized to be "Newly-Detected Domains" as defined in the Amended Default Judgment and Permanent Injunction; and

2. All provisions of the Court's Amended Default Judgment and Permanent Injunction apply to Defendants' Newly-Detected Domains listed in **Exhibit 1** to the Twenty-Fourth Supplemental Order, including, but not limited to, the following provisions as clarified and amended herein:

> ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and due to Defendants' ongoing proliferation of domain names for operation of its counterfeiting activities, as Plaintiffs discover new domain names ("Newly-Detected Domains"), registered by Defendants, containing Plaintiffs' Marks or marks confusingly similar thereto, and/or used in conjunction with the sale of counterfeit goods (whether or not the Newly-Detected Domains contain Plaintiffs' Marks or marks confusingly similar thereto), Plaintiffs shall have the ongoing authority to seek supplemental orders of the court, but only against persons over whom the court has in personam jurisdiction. (*Squeez-A-Purse Corp. v. Stiller*, 31 F.R.D. 261, 263 (S.D.N.Y. 196)).
>
> ORDERED that within two (2) days after any account is restrained, Plaintiffs shall serve this Amended Permanent Injunction by email or other reasonable means to the contact information associated with that account containing a notification that the account has been restrained pursuant to this Amended Permanent Injunction; and it is further
>
> ORDERED that within ~~two (2)~~ **twenty (20) days** after any Newly-Detected Domains are disabled, Plaintiffs shall serve this Amended Permanent Injunction by email or other reasonable means to the contact information associated with that domain name in the WhoIs database, containing a notification that the Newly-Detected Domains have been disabled pursuant to this Amended Permanent Injunction, **or, at Plaintiffs' option, effecting such service**

6

**by placing a public notice on the Newly-Detected Domains.**

ORDERED that after ten (10) business days following the service of this Amended Permanent Injunction, the registries and/or the individual registrars shall transfer the Newly-Detected Domains to the ownership and control of Plaintiffs, through the registrar of Plaintiffs' choosing, unless Plaintiffs request that such Newly-Detected Domains be released **or deleted** rather than transferred.

ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and due to Defendants' ongoing proliferation of websites for operation of its counterfeiting activities, as Plaintiffs discover new counterfeiting websites operated by Defendants, Plaintiffs shall have the ongoing authority to serve this Amended Permanent Injunction on any third party providing services in connection with any Defendant and/or Defendants' websites, including without limitation ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, and any parties delegating IP addresses ("Internet Providers"); and it is further

ORDERED that the Internet Providers shall within two (2) days discontinue all services for Defendants' websites.

ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Amended Permanent Injunction concerning the restriction upon transfer of Defendants assets **and the restriction upon transfer of the Newly-Detected Domains belonging to or controlled by any Defendant**; and it is further

**ORDERED that any search engines that display, list or index the Hijacked URLs contained in <u>Exhibit 2</u> to this Twenty-Fourth Supplemental Order, and who receive actual notice of this Twenty-Fourth Supplemental Order, shall within two (2) days of receipt of the Twenty-Fourth Supplemental Order delist and/or deindex the Hijacked URLs from search results.**

7

3.  The contact information associated with each Newly-Detected Domain is hereby deemed to be an alias of one or more of the Defendants to this action and therefore a Defendant.

4.  Plaintiffs may conduct ongoing discovery pursuant to this Order by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions which receive or process payments or hold assets on Defendants' behalf; including without limitation, PayPal, Western Union, PayEase, IPS Ltd., Realypay, WorldPay, Opus Payments, Amazon Payments, Money Gram International, WebMoney, Visa, MasterCard, Discover, American Express, Visa Electron, Maestro, Solo, Laser, and Carte Bleue; and (3) any third-party service providers, including without limitation Internet service providers, back-end service providers, domain name privacy service providers, domain name resellers, web designers, search engine or ad-word providers, and domain name registrars and registries who have provided services for Defendants.

5.  Defendants are hereby given notice that failure to appear and move for the dissolution or modification of this Twenty-Fourth Supplemental Order within 20 days service may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods, domains, and/ or assets seized, if any. Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of the Amended Default Judgment and Permanent Injunction and this Twenty-

Twenty-Fourth Supplemental order upon service of same and any act by them or any one them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

6. This Court shall retain jurisdiction to the extent necessary to enforce this Twenty-Fourth Supplemental Order and to determine any issues that may arise thereunder.

DATE: Dec 22, 2014

SO ORDERED:

The Honorable Alvin K. Hellerstein

DWT 25550231v1 0095922-000001